IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KIRT RIPPSTEIN, JACK PETERSON, ALLEN PEARSON, JERRED LeFEVRE and TROY MORGAN,<br><br>          Plaintiffs,<br><br>vs.<br><br>SEVIER COUNTY, SEVIER COUNTY SHERIFF PHIL BARNEY and JOHN DOES I-X,<br><br>          Defendants. | Civil No. 2:06-CV-1063 BSJ<br><br>**MEMORANDUM OPINION & ORDER RE: SUMMARY JUDGMENT (PEARSON, LEFEVRE and MORGAN)**<br>**(Fed. R. Civ. P. 56)**<br><br>**FILED**<br>CLERK, U.S. DISTRICT COURT<br>June 29, 2009 (1:26pm)<br>DISTRICT OF UTAH |

\* \* \* \* \* \* \* \* \*

This matter came before the court on Defendants' Motion for Summary Judgment, filed July 2, 2008 (dkt. no. 57). The court heard oral argument on the Motion on September 29 and October 27, 2008. At the hearing, Plaintiffs were represented by Blake Nakamura and Defendants were represented by Frank Mylar. At the conclusion of the hearing, the court granted the Defendants' motion as to plaintiffs Rippstein and Peterson, and took the matter under advisement as to plaintiffs Pearson, LeFevre and Morgan. (*See* Minute Entry, dated October 27, 2008 (dkt. no. 94; Order, filed November 19, 2008 (dkt. no. 95).) Upon further consideration, this court granted the defendants' motion as to the remaining plaintiffs on January 15, 2009, and requested counsel to prepare and submit a roster of undisputed facts and proposed form of judgment. (*See* Order, filed January 15,

2009 (dkt. no. 96).)

Having reviewed and considered the parties' written submissions,[1] the court now enters the following Memorandum Opinion & Order reflecting its prior ruling on the defendants' motion for summary judgment, and superseding its prior Order (dkt. no. 96) to that effect..

## Background

Plaintiff Allen Pearson ("Pearson") was hired by the Sevier County Sheriff's Office on July 10, 1995, and remains employed by the Sheriff's Office. Plaintiff Jerred LeFevre ("LeFevre") was hired by the Sevier County Sheriff's Office in June 1995 and remained an employee of the Sheriff's Office until he resigned on October 30, 2006. Plaintiff Troy Morgan ("Morgan") was hired by the Sevier County Sheriff's Department in August 1994 and remains employed by the Sheriff's Office. As of 2006, all three plaintiffs ("the Plaintiffs") had reached the rank of sergeant.

Defendant Sheriff Phil Barney ("Barney") was first elected Sheriff of Sevier County Sheriff's Department in 1998 and took office in 1999. In 2006, Barney was up for re-election. In December 2005, Delbert Lloyd ("Lloyd"), who at the time was Chief Deputy of the Sevier County Sheriff's Office, announced that he would be challenging

---

[1] Counsel filed series of proposed forms of order and objections (*see* dkt. nos. 100, 101, 103, 104, 105, 106, 110, 111), which ranged farther afield from the grounds for this court's rulings than the court had anticipated. Those statements of undisputed facts—submitted by the defendants in a findings/conclusions format and ultimately approved by plaintiffs' counsel as well—remain part of the record, but are not the formal order of this court ruling on the defendants' summary judgment motion. *Cf.* Fed. R. Civ. P. 52(a)(3) (court not required to state findings or conclusions when ruling on a motion under Rule 56).

Barney in the Republican Primary to select the Republican candidate in the upcoming election.

Plaintiffs Pearson, LeFevre and Morgan supported Lloyd's campaign. On June 30, 2006, shortly after Barney defeated Lloyd in the primary election, the plaintiffs each received a letter from Barney informing them that they were being transferred to different positions within the Sheriff's Office, but all three kept the rank of sergeant and continued at their same pay level.

On December 28, 2006, Plaintiffs brought this suit claiming that the reason they were transferred from their previous positions was their support of Lloyd's primary election campaign. The Plaintiffs' complaint alleges: (1) deprivation of constitutionally protected property interests, (2) violation of their constitutional right to free speech, (3) violation of their constitutional right to freedom of association, (4) deprivation of constitutionally protected liberty interests, (5) breach of contract, and (6) breach of implied covenant of good faith and fair dealing. Defendants Barney and Sevier County ("the Defendants") have moved for summary judgment on each of Plaintiffs' claims.

## Discussion

"The purpose of summary judgment is to assess whether a trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). In other words, there 'must be evidence on which the jury could reasonably find for the plaintiff.' *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995)" *Berry v. T-Mobile USA, Inc.*, 490 F.3d

1211, 1216 (10th Cir. 2007). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "The court must examine the record to determine whether any genuine issue of material fact is in dispute, and must construe the facts and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Holt v. Grand Lake Mental Health Ctr., Inc.*, 443 F.3d 762, 765 (10th Cir. 2006).

### A. Deprivation of Property Interests

The Fourteenth Amendment protects individuals from deprivations of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. In examining a plaintiff's claim that he or she has suffered such a deprivation, a court first determines whether the individual had a protected interest under the Due Process Clause. *See, e.g.*, *Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996). If so, the court then examines whether in being deprived of that interest, the plaintiff received an appropriate level of procedural due process. *See id.*

To assert a constitutional Due Process claim under 42 U.S.C. § 1983 for deprivation of property, an employee must show that he was deprived of a property interest that is protected by the Fourteenth Amendment. *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). The Supreme Court has explained that "[p]roperty interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such

as state law." *Roth*, 408 U.S. at 577. "[P]ublic employees have a property interest in continued employment if contractual or statutory provisions guarantee continued employment absent 'sufficient cause' for discharge." *Lucas v. Murray City*, 949 P.2d 746, 752 (Utah Ct. App. 1997) (citing *Roth*, 408 U.S. at 576-78).[2] In order to create such a property interest, a state statute or regulation must give the recipient "a legitimate claim of entitlement to [the benefit]," *Roth*, 408 U.S. at 577, in this case, the claimed benefit of continued employment in a particular job assignment having a particular level of responsibility or authority.

According to Sevier County's Sheriff's Office Policies and Procedures, "[t]he Sheriff retains authority to assign personnel in any manner deemed advisable for the best interest of the Department." (Defendants' Motion for Summary Judgment, filed July 2, 2008 (dkt. no. 57), at Ex. B p.10.) Pointing to this language, the Defendants argue that sheriff's office employees do not have a property interest in keeping a particular position within the Department. Further, the Defendants claim that the Plaintiffs were simply reassigned in the best interest of the Department. They argue that the fact that Plaintiffs maintained their same rank and pay is evidence that the Plaintiffs' new positions were truly nothing more than routine administrative reassignments.

As the court of appeals has explained, a state statute or regulation can create a

---

[2]*Lucas* held that Utah Code Ann. § 10-3-1012 "confers upon civil service employees a property interest in continued employment," and that as a civil service employee, the plaintiff "had a vested right to continued employment absent a legal cause for termination." 949 P.2d at 753.

protected property interest in a particular employment status or rank if it "places substantive restrictions on the discretion to demote an employee, such as providing that discipline may only be imposed for cause." *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1254 (10th Cir. 1998).

In *Greene v. Barrett*, 174 F.3d 1136 (10th Cir. 1999), the court appeals concluded that the plaintiff had a protected property interest in continued employment at his rank of lieutenant in the Laramie County Sheriff's Department because under Wyoming law, "'[a] deputy sheriff shall not be discharged, reduced in rank or suspended without pay except for cause and after notice and opportunity for a hearing.'" *Id.* at 1140-41 (quoting Wyo. Stat. Ann. § 18-3-611(b)). In *Greene*, the plaintiff had "shown that he had a legitimate expectation of continued employment at his rank of lieutenant," and was deprived of that interest when he was demoted to sergeant as part of an office-wide reorganization that was implemented a few days after the defendant became sheriff. *Id.* at 1141. The plaintiff had supported an opposing candidate, and alleged that the "reorganization" constituted a subterfuge for defendant's primary objective of retaliating against him and forcing him out of the sheriff's department. *Id.* at 1139.

In *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 539 (10th Cir. 1995), the court considered whether the plaintiff had a property interest amenable to procedural due process protection in her continued employment in her particular positions as Risk Manager, Quality Assurance Coordinator, and Infection Control Nurse at the defendant

hospital. Plaintiff had been terminated from her risk management and quality control positions by the hospital board, but remained employed as a staff nurse at the hospital. While observing that a statutory provision or contract qualifying or limiting an employer's discretion to reassign or transfer the employee may create a property interest in employee's particular position, *Anglemyer* affirmed summary judgment in favor of the hospital because the applicable State law would likely establish that an administrative decision to reassign or transfer a particular employee absent a statutory or contractual provision to the contrary is left to the "unfettered discretion" of the employer. *Id.* at 539 (citing *Roth*, 408 U.S. at 567).

> We believe the overwhelming weight of authority holds that no protected property interest is implicated when an employer reassigns or transfers an employee absent a specific statutory provision or contract term to the contrary. All of the courts of appeals that have addressed this issue have reached an identical conclusion. . . .

*Id.* (citations omitted). "Even if the Kansas courts were to conclude a reduction of rank, status, or salary due to a job reassignment implicates a property interest," the court continued, "Ms. Anglemyer has not presented sufficient evidence that such a result occurred here," because, *inter alia*, she did not show that her reassignment as a staff nurse would have resulted in a reduction of her salary. *Id.* at 539-40.

Much the same result obtains in this case.

While the Plaintiffs acknowledge that they did not have a property interest in not being moved from one position to another, they argue they did have a property interest in

not being "demoted" and that their new positions were in fact constructive demotions. Alhough they retained their rank and rate of pay, the argue that their supervisory authority was removed and they were put in positions having less responsibility and a lower perceived status in the department.

Given the Sheriff's unfettered "authority to assign personnel in any manner deemed advisable for the best interest of the Department" under the department's own policies, the plaintiffs have not shown that they had a legitimate expectation of continued employment in a particular position or job assignment within the department. The court grants summary judgment as to the Plaintiffs' Due Process property interest claim because the Plaintiffs have failed to show that they were deprived of a property interest that is protected by the Fourteenth Amendment.[3]

**B. Liberty Interest Violation**

Plaintiffs allege that the Defendants deprived them of their Fourteenth Amendment liberty interests by demoting them and making false public comments about their actions which impugned their good names, reputation, honor and integrity.[4]

---

[3]Plaintiffs may also have waived their procedural due process claim by not taking advantage of the internal review procedures available to them. The Sevier County Employee Handbook outlines the steps for employees to resolve job-related problems. The steps include the following: (1) the employee should first contact his immediate supervisor; (2) if dissatisfied with response of supervisor the employee should then contact his supervisor's supervisor; (3) if the employee remains dissatisfied, he may then present his concerns to a 3-member commission that will make a final determination on the issue. Furthermore, the handbook encourages the employee to contact Human Resources at any time to discuss County policies and the employee's options. (*See* Defendants' Reply Memorandum in Support of Motion for Summary Judgment, at Ex. J pp. 5-6.)

[4]The court of appeals has recognized that a plaintiff's reputation is a protected liberty interest, but it has also required plaintiffs to show that their reputation was damaged "in connection with [an] adverse action taken
(continued...)

The elements for showing a violation of a liberty interest are laid out in *Watson v. University of Utah Medical Center*, 75 F.3d 569 (10th Cir. 1996):

> First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published. These elements are not disjunctive, all must be satisfied to demonstrate deprivation of the liberty interest.

*Id.* at 579. But the court need not address all of these elements in every case because the Supreme Court has held that for an employee to succeed on a claim of a violation of a liberty interest, the employee must have been terminated from employment. *Paul v. Davis*, 424 U.S. 693, 710 (1976) (stating that "the defamation had to occur in the course of the termination of employment. Certainly there is no suggestion in *Roth* to indicate that a hearing would be required each time the State in its capacity as employer might be considered responsible for a statement defaming an employee who continues to be an employee."); *see also Melton v. City of Oklahoma City*, 928 F.2d 920, 926 (10th Cir. 1991) (stating that a claim of deprivation of a liberty interest arises "[w]hen a public employer takes action to terminate an employee based upon a public statement of unfounded charges of dishonesty or immorality that might seriously damage the employee's standing or associations in the community and foreclose the employee's

---

⁴(...continued)
against them." *Flanagan v. Munger*, 890 F.2d 1557, 1571 (10th Cir. 1989). In other words, "defamation, standing alone, [is] not sufficient to establish a claim for deprivation of a liberty interest." *Renaud v. Wyoming Dep't of Family Servs.*, 203 F.3d 723, 726-27 (10th Cir. 2000).

freedom to take advantage of future employment opportunities"); *Stidham v. Peace Officer Standards And Training*, 265 F.3d 1144, 1153-54 (10th Cir. 2001).

Because none of the Plaintiffs were terminated from their employment incident to the alleged defamation, they cannot succeed on a claim of deprivation of a constitutionally protected liberty interest. *See Siegert v. Gilley*, 500 U.S. 226, 233-34 (1991) (stating that where plaintiff had not been terminated incident to the alleged defamation, damage flowing from an injury to plaintiff's reputation "may be recoverable under state tort law but it is not recoverable in a [federal] action."). Therefore, the court grants Defendants' Motion for Summary Judgment as to Plaintiffs' liberty interest claims.

**C. Retaliation Claim**

Plaintiffs further argue that even if they did not have a constitutionally protected property interest in keeping their particular positions, they can still maintain a § 1983 retaliation claim against Defendants. Plaintiffs claim that Defendants retaliated against them when they exercised constitutionally protected rights of freedom of speech and association by openly supporting Lloyd's primary election campaign. While both sides acknowledge that the Plaintiffs were not deprived their constitutional right to freedom of speech and freedom of association, the parties dispute whether the Plaintiffs were subsequently retaliated against for engaging in such protected conduct.

Although an employee need not be terminated to succeed on a § 1983 retaliation claim, an employee must show that he suffered some adverse employment action. *See*

*Lybrook v. Members of Farmington Mun. School Bd.*, 232 F.3d 1334, 1340 (10th Cir. 2000); *Childers v. Independent School Dist. No. 1 of Bryan County*, 676 F.2d 1338, 1342 (10th Cir. 1982) ("Retaliation that takes the form of altered employment conditions instead of termination may nonetheless be an unconstitutional infringement of protected activity.").

There are two separate tests for analyzing retaliation claims relating to freedom of association and freedom of speech.

### 1. Freedom of Association

"'The First Amendment protects public employees from discrimination based upon their political beliefs, affiliation, or non-affiliation unless their work requires political allegiance.'" *Jantzen v. Hawkins*, 188 F.3d 1247, 1251 (10th Cir. 1999) (quoting *Mason v. Oklahoma Turnpike Auth.*, 115 F.3d 1442, 1451 (10th Cir. 1997)). To survive summary judgment, a plaintiff employee who alleges a retaliatory demotion needs to show a "genuine dispute of fact that (1) political affiliation and/or beliefs were 'substantial' or 'motivating' factors" in his demotion, and (2) his position did not require political allegiance. *Poindexter v. Board of County Com'rs of County of Sequoyah*, 548 F.3d 916, 919 (10th Cir. 2008) (quoting *Barker v. City of Del City*, 215 F.3d 1134, 1138 (10th Cir. 2000)).

The Plaintiffs in this case were not terminated from employment; they claim that they were demoted in retaliation for their political affiliations. In support of their

argument, Plaintiffs discuss a meeting in which Defendant Barney stated that Plaintiffs were "riding for the wrong brand." (*See* Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment, filed August 8, 2008 (dkt. no. 76), at 14.) Further, the Plaintiffs argue that the facts that their transfers came the day after the primary elections is indication that the transfers were done in retaliation. *Id.* As to the second prong of the test, there is no evidence to suggest that Plaintiffs' employment required political allegiance.

As explained above, Sheriff Barney reassigned the plaintiffs within the sheriff's department, but without any reduction in rank or diminution of pay or benefits—"adverse employment actions" that would have been more characteristic of a "demotion" than a simple administrative reassignment. Absent a demotion, dismissal, or similar adverse employment action, the plaintiffs have not established the kind of retaliatory conduct by their employer that is required to sustain a First Amendment freedom of association claim.

The Defendant's' motion for summary judgment regarding Plaintiffs' freedom of association claim will be granted.

### 2. Freedom of Speech

In assessing an employee's First Amendment freedom of speech retaliation claim the court engages in a a five-part inquiry:

> First, the court must determine whether the employee speaks pursuant to his official duties. . . . Second, if an employee does not speak pursuant to his

>official duties, but instead speaks as a citizen, the court must determine whether the subject of the speech is a matter of public concern. . . . If the speech is not a matter of public concern, then the speech is unprotected and the inquiry ends. Third, if the employee speaks as a citizen on a matter of public concern, the court must determine whether the employee's interest in commenting on the issue outweighs the interest of the state as employer. . . . Fourth, assuming the employee's interest outweighs that of the employer, the employee must show that his speech was a substantial factor or a motivating factor in a detrimental employment decision. . . . Finally, if the employee establishes that his speech was such a factor, the employer may demonstrate that it would have taken the same action against the employee even in the absence of the protected speech.

*Brammer-Hoelter v. Twin Peaks Charter Academy*, 492 F.3d 1192, 1202-03 (10th Cir. 2007) (internal quotations omitted); *accord Dixon v. Kirkpatrick*, 553 F.3d 1294, 1301-02 (10th Cir. 2009).

The Plaintiffs bear the burden of showing that their speech was "a 'substantial factor or a motivating factor in the detrimental employment decision,'" *Dill v. City of Edmond*, 155 F.3d 1193, 1202 (10th Cir.1998) (quoting *Gardetto v. Mason*, 100 F.3d 803, 811 (10th Cir. 1996))—requiring a showing that a detrimental employment decision was in fact made that adversely affected the Plaintiffs. *See Moya v. Schollenbarger*, 465 F.3d 444, 456 (10th Cir. 2006) (noting the implicit "'requirement that the public employer have taken some adverse employment action against the employee.'" (quoting *Belcher v. City of McAlester, Okla.*, 324 F.3d 1203, 1207 n.4 (10th Cir. 2003)); *see also Baca v. Sklar*, 398 F.3d 1210, 1220 (10th Cir. 2005) ("An employee alleging retaliation must show that his employer took some adverse employment action against him."); *cf. Childers*, 676 F.2d at 1342 (plaintiff's claim "he received a lower salary and the loss of

other benefits as a result of the change in his teaching duties" held sufficient to state a retaliation claim).

In *Lybrook v. Members of Farmington Mun. Schs. Bd. of Educ.*, 232 F.3d 1334 (10th Cir. 2000), the court affirmed the dismissal of a plaintiff's retaliation claim where the facts were insufficient to demonstrate an adverse employment action as is required to establish a First Amendment retaliation violation. As *Lybrook* explains, although "employers' acts short of dismissal may be actionable as First Amendment violations, we have never ruled that all such acts, no matter how trivial, are sufficient to support a retaliation claim." *Id.* at 1340; *see Rutan v. Republican Party of Illinois*, 497 U.S. 62, 75 (1990); *Schuler v. City of Boulder*, 189 F.3d 1304, 1309-10 (10th Cir. 1999).

Even assuming, then, that the Plaintiffs were speaking as citizens as to a matter of public concern, and that their interest in speaking outweighs that of the Sheriff as an employer, their reassigment within the department at the same rank and pay does not represent the kind of adverse employment action required to prove a First Amendment freedom-of-speech retaliation violation, and the Defendants are entitled to summary judgment on that claim as well.

**D. State Law Contract Claims**

Plaintiffs' complaint alleges that they had an implied contract of employment with the Defendants and that the Defendants breached that contract when they demoted the Plaintiffs without just cause, citing to *Kinsford v. Salt Lake City School District*, 247 F.3d

1123, 1133 (10th Cir. 2001), a Tenth Circuit case stating that "an implied-in-fact contract is a source of state law that can create an expectation of continued employment." *Kinsford*, relying in turn on a prior Utah Supreme Court decision, stated that "an implied-in-fact promise limiting the reasons for dismissal may arise from 'the conduct of the parties, announced personnel policies, practices of that particular trade or industry, or other circumstances which show the existence of such a promise.'" *Id.* (*citing Berube v. Fashion Ctr. Ltd.*, 771 P.2d 1033. 1044 (Utah 1989)).

A "dismissal" is not at issue in this case. Here, the Plaintiffs have not come forward with significant probative evidence suggesting that an implied contract existed concerning tenure in the deputies' specific job assignments within the department. Plaintiffs point to nothing in the practices of the Sheriff's Department would have led Plaintiffs reasonably to believe that they had a contractual right not to be reassigned or transferred from their existing assignments to other positions in the department. In fact, as noted above, the Sevier County Sheriff's Office Policies and Procedures emphasize the "at will" nature of the deputies' employment and expressly vest the Sheriff with the "authority to assign personnel in any manner deemed advisable for the best interest of the Department." (Defendants' Motion for Summary Judgment, filed July 2, 2008 (dkt. no. 57), at Ex. B p. 10.)[5]

---

[5] This court also considered the Plaintiffs' implied contract claim in the context of their alleged constitutional property interest violation and concluded that it lacked substance for purposes of that claim as well. *Cf. Anglemeyer*, 58 F.3d at 539-40 (stating that "an administrative decision to reassign or transfer a

(continued...)

Therefore, the court grants Defendants' Motion for Summary Judgment as to Plaintiffs claims of breach of contract and breach of implied covenant of good faith and fair dealing.

**E. Qualified Immunity**

Defendant Barney has raised an affirmative defense of qualified immunity. Once a defendant has raised a qualified immunity defense, the burden shifts to the plaintiff to show that (1) the defendant's actions violated a constitutional right and (2) the right was clearly established at the time of the defendant's conduct. *See Pearson v. Callahan*,129 S.Ct. 808, 815-16 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)); *Romero v. Board of County Commissioners*, 60 F.3d 702, 704 (10th Cir. 1995). "If the plaintiff fails to carry either part of his two-part burden, the defendant is entitled to qualified immunity." *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).

Here, the Plaintiffs have not shown that they had a constitutional right to maintain a certain position or task assignment within the Sheriff's Department. As previously discussed, the Sheriff had complete control over which employees held which positions within the department. Departmental policies acknowledge that it is essential for the Sheriff to retain this authority in order to successfully run the department. If employees had a vested constitutional interest in keeping certain job assignments within the

---

[5](...continued)
particular employee absent a statutory or contractual provision to the contrary is left to the 'unfettered discretion' of the employer").

department, the Sheriff's ability to manage the department would be drastically limited.

As the Plaintiffs' constitutional claims fail on this first prong, this court need not address the second one:

> If a plaintiff fails to demonstrate that a defendant's conduct violated the law, the court need not determine whether the law was clearly established. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993). Our threshold analysis thus focuses on determining "first whether the plaintiff has alleged a deprivation of a constitutional right at all." *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

*Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004).

For the foregoing reasons, then, the court grants Defendant Barney's Motion for Summary Judgment based on qualified immunity.

## Conclusion

As explained above, the Defendants have carried their initial burden of demonstrating the absence of a genuine issue of material fact concerning the Plaintiffs' various constitutional and contractual theories of liability, and the Defendants have shown their entitlement to judgment as a matter of law on those claims. Plaintiffs Pearson, LeFevre and Morgan have failed to show the existence of a genuine issue of material fact as to any of their constitutional or contractual claims, and as a consequence, summary judgment is granted as against those claims in favor of defendants Barney and Sevier County.

Therefore,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (dkt. no. 57) as to plaintiffs Pearson, LeFevre and Morgan's constitutional liberty and property interest claims, First Amendment retaliation claims, and state contract law claims is hereby GRANTED;

**IT IS FURTHER ORDERED** that defendant Barney's Motion for Summary Judgment (dkt. no. 57), to the extent it is based upon qualified immunity with respect to the Plaintiffs' constitutional claims, is hereby GRANTED. This order supersedes the prior Order of this court to that effect, entered January 15, 2009 (dkt. no. 96).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED this 29 day of June, 2009.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge